UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY IRIZARRY,

    Petitioner,

v.      Case No.   8:20-cv-566-CEH-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1), Respondent's response in opposition (Doc. 11), and Petitioner's amended reply. (Doc. 16). Upon consideration, the petition will be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

In case number 15-CF-000478, Petitioner was charged with soliciting lewd or lascivious conduct of a person under sixteen by a person eighteen years of age or older. (Doc. 11-1, Ex. A). He pleaded guilty to the lesser charge of child abuse and was sentenced to five years on probation. (*Id.*, Exs. B, C).

In case number 15-CF-001877, Petitioner was charged with: robbery using a weapon (Count I), witness intimidation (Count II), attempted kidnapping while armed (Count III), aggravated assault with a deadly weapon (Count IV), and battery

(Count V). (*Id.*, Ex. D). In case number 15-CF-000478, the State filed an amended affidavit of violation of probation to include committing new offenses. (*Id.*, Ex. E).

Petitioner entered an open plea regarding 15-CF-001877 and simultaneously entered an admission to violating his probation in case number 15-CF-000478. (*Id.*, Exs. F, G). In case number 15-CF-001877, Petitioner was sentenced to concurrent terms of 30 years for counts one and two, 15 years consecutive on count three, five years of probation on count four, and time served on count five. (*Id.*, Exs. H, I). As to case number 15-000478, Petitioner was sentenced to five years concurrent to the sentences imposed in case number 15-001877. (*Id.*, Exs. H, J).

Petitioner appealed his sentences (*id.*, Exs. L, M) and moved to withdraw his pleas. (*Id.*, Ex. K). After a hearing on the motion to withdraw (*id.*, Ex. N), the motion was denied. (*Id.*, Ex. O). The sentences were affirmed on appeal. (*Id.*, Ex. R); *Irizarry v. State*, 234 So. 3d 780 (Fla. 5th DCA 2017) [table].

Petitioner filed a petition alleging three grounds of ineffective assistance of appellate counsel. (*Id.*, Ex. T). The petition was denied without elaboration. (Doc. 11-2, Ex. V). Petitioner moved for post-conviction relief in which he alleged trial counsel was ineffective in failing to have his competency evaluated, and trial court error regarding sentencing considerations. (*Id.*, Ex. Y). The motion was summarily denied (*id.*, Ex. Z), and the denial was affirmed on appeal. (*Id.*, Ex. BB); *Irizarry v. State*, 285 So. 3d 326 (Fla. 5th DCA 2019) [table].

Petitioner filed the instant petition in this Court, raising a single claim that trial counsel was ineffective in failing to have his competency evaluated. (Doc. 1).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

5

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. ANALYSIS

**Ground One:**   PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSE WHEN COUNSEL FAILED TO HAVE THE PETITIONER EVALUATED FOR COMPETENCY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Petitioner contends counsel was ineffective in failing to move the trial court to have him evaluated for competency before the change of plea. He argues counsel should have moved the trial court to evaluate his competency after: 1) counsel observed his "bizarre behavior" during visits at the jail and was told by his family he

had "mental delusions," often spoke to himself, and was "accused of voyeurism"; 2) he suffered a "psychotic reaction to being removed from psychotic medications upon his release from the county jail. . ."; 3) he refused to accept the State's "reasonable" offer of 15 years in prison followed by 15 years on probation; and 4) he insisted on viewing "an imaginary interview with an ex-girlfriend[.]" (Doc. 1, pp. 5-6). He alleges counsel "documented. . .[his] bizarre behavior in. . .case notes" and retained a doctor who evaluated him and diagnosed him as suffering from "fetishism, depressive symptoms, and impulse disorder." (*Id*., p. 6). He contends "he was incompetent during his plea proceedings and did not understand the consequences of his open plea to [the trial] court." (*Id*., p. 5).

This claim was raised in Petitioner's state postconviction motion alleging ineffective assistance of trial counsel. (Doc. 11-2, Ex. Y). In denying the claim, the state postconviction court stated:

> In ground one (1), the Defendant alleges that trial counsel was ineffective for failing to have the Defendant evaluated for competency. The Defendant claims that he was incompetent at the time of his plea and that counsel had sufficient information to put him on notice that the Defendant's competency was in question.
>
> The Defendant bears the burden of proof when claiming trial counsel was ineffective. To adequately allege ineffective assistance of counsel, the Defendant must meet the requirements laid out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). The Court in *Maxwell* explained these requirements stating:

7

> A claim of ineffective assistance of counsel, to be considered meritorious, must include two general components. First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.

*Maxwell v. Wainwright*, 490 So.2d 927, 932 (Fla. 1986).

"A court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied." *Id*. "In examining counsel's performance, courts are required to make every effort to eliminate the distorting effects of hindsight by evaluating the performance from counsel's perspective at the time and indulge a strong presumption that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *White v. State*, 729 So.2d 909,912 (Fla. 1999) (citing *Blanco v. Wainwright*, 507 So.2d 1377, 1381 (Fla. 1987)).

When handling issues of ineffective assistance of counsel related to competency, the deficiency standard is as follows:

> "To satisfy the deficiency prong based on counsel's handling of a competency issue, the postconviction movant must allege specific facts showing that a reasonably competent attorney would have questioned competence to proceed. The standard for competency to proceed is set out in *Dusky v. United States*, 362 U.S. 402 (1960), and codified in Florida Rule of Criminal Procedure 3.211. The question is 'whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings' Fla. R. Crim.

8

> P. 3.21 l(a)(l). Conclusory allegations of incompetency are not enough to warrant an evidentiary hearing. *See Atwater v. State*, 788 So.2d 223, 229 (Fla. 2001). '[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.' *Card v. Singletary*, 981 F.2d 481, 487-88 (11th Circ. 1992. [sic] '[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.' *Medina [v. Singletary]*, 59 F.3d [1095] at 1107[11th Cir. 1995).]

*Thompson v. State*, 88 So.3d 312, 319 (Fla. 4th DCA 2012).

The *Thompson* case also expounds on the prejudice prong that the defendant must establish:

> "The prejudice standard the [sic] applies to a typical claim of ineffective assistance of counsel, whether a reasonable probability exists that the outcome of the proceeding would differ, is ill-situated to a claim of alleged incompetency. The issue is not whether the outcome of the trial would have differed...The focus of the prejudice inquiry is on actual prejudice, whether, because of counsel's deficient performance, the defendant's substantive due process right not to be tried while incompetent was violated. In order to establish prejudice in a properly raised ineffective assistance of counsel claim the postconviction movant must, as with a substantive incompetency claim, set forth clear and convincing circumstances that create a real, substantial and legitimate doubt as to the movant's competency. *Cf. Luckey v. State*, 979 So.2d 353, 354 (Fla. 5th DCA 2008) (holding that ineffective assistance of counsel claim was insufficient where defendant had not alleged actual incompetency); *see also Gillis v. State*, 807 So.2d 204 (Fla. 5th DCA 2002); *Baker v. State*, 404 So. 2d 1151 (Fla. 5th DCA 1981) (recognizing that conclusory and uncorroborated postconviction claims alleging

9

>> incompetency were insufficient to warrant an evidentiary hearing)."
>
> *Id*.
>
> To support his contention that he was incompetent at the time of the plea, the Defendant claims that he was evaluated by Dr. Jeffrey Danziger and Dr. Danziger concluded that the Defendant suffers from "fetishism, depressive symptoms, and impulse control disorder". The Defendant claims that this information should have been enough to put counsel on notice that the Defendant needed to be evaluated for competency. The Court finds that these findings by Dr. Danziger, standing alone, are not enough to establish that the Defendant did not have a factual or rational understanding of the proceedings or inability to assist counsel. Further, the Defendant fails to establish the circumstances would have caused a reasonably competent attorney to question the Defendant's competence to proceed. The findings identified by Dr. Danziger do not substantially call into doubt the Defendant's ability to assist counsel in his defense and understand the proceedings against him and the Defendant fails to set forth clear and convincing circumstances that create substantial doubt as to his competency. Therefore, the Court finds that the Defendant has failed to establish either prong of *Strickland* and his claim must be denied.

(Doc. 11-2, Ex. Z, pp. 2-4). The denial of the claim was affirmed on appeal with no written opinion. (*Id.*, Ex. BB).

"[T]he conviction of an accused person while he is legally incompetent violates due process[.]" *Pate v. Robinson*, 383 U.S. 375, 378 (1966). The test for determining a defendant's competency to stand trial or enter a plea is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual

10

understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960).

Petitioner has presented no evidence he was unable to understand the proceedings against him or assist his counsel. His alleged "bizarre" behavior (wanting to see a recording that did not exist; unspecified delusions, talking to himself, and voyeurism during childhood) does not establish he was incompetent when he entered his plea. *See Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) ("[B]izarre, volatile, and irrational behavior" cannot "be equated with mental incompetence to stand trial."). Similarly, his vague and unsupported allegation he had a "psychotic reaction" after he stopped taking his psychotropic medication fails to demonstrate his incompetency. *See id.* ("[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.") (quoting *Card v. Singletary*, 981 F.2d 481, 487–88 (11th Cir. 1992)). Nor does Dr. Danziger's conclusion that Petitioner suffered from "fetishism, depressive symptoms, and impulse control disorder" establish that he lacked a rational and factual understanding of the proceedings or the ability to consult with counsel with a reasonable degree of rational understanding. *See Dusky*, 362 U.S. at 402. And Petitioner's rejection of what he now considers a "favorable" plea offer of 15 years, considering he was sentenced to 45 years, is not evidence he was incompetent and

11

unable to understand the proceedings and assist counsel.[1] *See, e.g., Rios v. Jones*, 2017 WL 4212331, at *8 (N.D. Fla. Aug. 17, 2017), *report and recommendation adopted*, 2017 WL 4181351 (N.D. Fla. Sept. 21, 2017) ("The fact that a defendant, who has not otherwise indicated any basis to find incompetency, insists on following an unwise defense strategy is not evidence that the defendant is incompetent and unable to rationally and factually understand the proceedings and assist counsel.").

The record reveals no evidence suggesting that Petitioner was incompetent. At the change of plea hearing, he appeared coherent and well-spoken in his interactions with the court. (Doc. 11-1, Ex. G, transcript pp. 35-61). He confirmed his decision to enter an open plea and that the plea was in his best interest, that he was not under the influence of anything that could affect his judgment, that he never had been found incompetent, he understood the charges against him and the penalties he faced, and he discussed with counsel and understood all the issues including the evidence and witnesses, and the possible defenses. (*Id.*). As the Supreme Court held in *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977), "the representations of the defendant [at the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Petitioner

---

1 In fact, the record reveals Petitioner understood he had the final decision whether to accept a plea offer, and he was unwilling to accept any offer over 10 years in prison. (Doc. 11-2, Ex. Y, docket pp. 417-18).

has not made a sufficient showing to refute the veracity of his responses during the change of plea hearing. Furthermore, counsel's notes show Petitioner conferred with counsel on multiple occasions about matters relevant to his case, and he understood the evidence against him. (Doc. 11-2, Ex. Y, transcript pp. 417-18). Therefore, Petitioner fails to demonstrate counsel was deficient in failing to have him evaluated for incompetency.

Petitioner likewise fails to show prejudice. "In order to demonstrate prejudice from counsel's failure to investigate his competency, [a] petitioner has to show that there exists 'at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.'" *Futch v. Dugger*, 874 F.2d 1483, 1487 (11th Cir. 1989) (quoting *Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1988)). Because Petitioner's allegations and the record do not suggest he was incompetent at the time of the change of plea hearing, Petitioner fails to show a reasonable probability that an expert would have concluded, and the court would have found, that he was incompetent to proceed with his change of plea.

In conclusion, Petitioner fails to demonstrate counsel acted unreasonably and that he sustained prejudice. Therefore, the state courts' rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of

the facts in light of the evidence presented. Accordingly, Ground One warrants no relief.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The **Clerk of the Court** shall enter judgment against Petitioner and close this case.

3. This Court should grant an application for a Certificate of Appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner cannot make this showing. Accordingly, a Certificate of Appealability is **DENIED**. And because Petitioner is not entitled to a Certificate of Appealability, he may not proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on January 10, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*
Counsel of Record