UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY IRIZARRY,

    Petitioner,

v.                                                      Case No.   8:20-cv-566-CEH-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's Motion to Reopen the Time to File a Notice of Appeal (Doc. 21) filed under Rule 4(a)(6), Federal Rules of Appellate Procedure. Petitioner requests a belated appeal and contends he received no copy or notice of the January 10, 2023 Order denying his petition for a writ of habeas corpus and Judgment (*see* Docs. 17, 18) until he filed a notice of inquiry in April 2024 and received a copy of the Court's docket sheet in this case in May 2024.

Rule 4(a)(6) provides:

(6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

The Court cannot grant the motion and reopen the time to appeal under Rule 4(a)(6) because more than 180 days have elapsed since the Judgment was entered on January 10, 2023. Petitioner filed the motion to reopen on May 24, 2024, which was 500 days after the order denying relief and the corresponding judgment were entered. *See Vencor Hospitals, Inc. v. Standard Life and Accident Insurance Co.*, 279 F.3d 1306, 1310 (11th Cir. 2002) (". . .Rule 4(a)(6) specifically conditions extension on the filing of a motion for relief within 180 days after the judgment or order is entered.").[1]

Accordingly, Petitioner's Motion to Reopen the Time to File a Notice of Appeal (Doc. 21) is **DENIED**.

**ORDERED** in Tampa, Florida on May 31, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*
Counsel of Record

---

[1] Although an exception to the time bar is recognized under the "unique circumstances doctrine," the doctrine is not applicable here because the Eleventh Circuit has held that the "failure of the district court clerk's office to serve [Petitioner] with notice of the [Judgment], standing alone, does not constitute a judicial assurance or action sufficient to warrant relief under the unique circumstances doctrine." *Vencor*, 279 F.3d. at 1312.